CITY OF CINCINNATI, APPELLEE, *v.* RYAN, APPELLANT.

(Nos. 9760, 9761 and 9762—Decided November 8, 1965.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. J. R. Jung,* for appellee.
*Mr. Morris G. Sullivan,* for appellant.

LONG, J. The three cases above, Nos. 9760, 9761 and 9762, were tried together in the Municipal Court of Cincinnati, and the defendant was found guilty of operating a vehicle while under the influence, reckless driving, and driving while under suspension.

On August 10, 1964, defendant filed a narrative bill of exceptions and, on the same day, filed notice of appeal to the Common Pleas Court, which notice of appeal is obviously premature, unless defendant is relying upon errors not requiring a bill of

exceptions. In sequence, the transcript next shows that objections to defendant's narrative bill of exceptions were made by the city of Cincinnati on August 13, 1964. Without passing on these objections the trial court, on August 17, 1964, allowed and signed a narrative bill of exceptions which the trial judge himself prepared.

To this last narrative bill, on the following day, defendant, Ryan, filed a motion to strike the court's bill of exceptions as not containing certain evidence; and this clearly raised objections thereto. These objections were never heard by the trial court. In other words, a bill of exceptions was never properly allowed by the trial court.

In the opinion of this court, the appeal to the Common Pleas Court was premature and, of course, the appeal to this court is premature. It appearing that defendant's alleged errors in the trial court must be supported by a bill of exceptions, the judgment of the Common Pleas Court is hereby modified and this cause is remanded to the Cincinnati Municipal Court to pass on the exceptions of the defendant to the trial court's narrative bill of exceptions and for the allowance of a narrative bill of exceptions according to law.

*Judgment accordingly.*

HILDEBRANT, P. J., concurs.